# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **HOWARD JOHNSON INTERNATIONAL, INC.,** | Civil Action No. 12-4981 (FSH) |
| **Plaintiff,** | **REPORT & RECOMMENDATION** |
| v. | |
| **ARMDAN HOTELS, INC., et al.,** | |
| **Defendants.** | |

**THIS MATTER** has come before the Court on Order for Defendants to Show Cause why Defendants' Answer should not be stricken for failure to comply with this Court's discovery Orders. *See* Docket Entry No. 24. Kelly Krug, Esq., of Clyde & Co., appeared on behalf of Plaintiff Howard Johnson International, Inc. Peter V. Koenig, Esq., of O'Toole, Fernandez Weiner Van Lieu, LLC, appeared on behalf of Defendants Armdan Hotels, LLC, Armand Ortega, and Danny Oweis ("Defendants"). For the reasons set forth on the record and as stated below, it is respectfully recommended that Defendants' Answer be stricken and default entered.

## BACKGROUND

On August 8, 2012, Plaintiff filed the Complaint alleging, *inter alia*, breach of contract and infringement stemming from a hotel franchise agreement between Plaintiff and Defendant Armdan Hotels, LLC. *See* Docket Entry No. 1. On November 26, 2012, Defendants filed their Answer and Counterclaims against Plaintiff, seeking damages for, *inter alia*, breach of contract, unjust enrichment, and breach of the duty of good faith and fair dealing. *See* Docket Entry No. 9. In accordance with Fed.R.Civ.P. 16, the Court conducted an initial scheduling conference on February 27, 2013 and on February 28, 2013, entered an Order memorializing the schedule. *See*

1

Docket Entry No. 12. Among other dates, the Court set all written discovery to be served by March 8, 2013, and responded to by April 8, 2013. *See id.* Fact discovery was to be completed by September 10, 2013. *Id.*

On June 4, 2013, Plaintiff advised the Court that Defendants had failed to serve their written discovery responses despite assurance from counsel that they were forthcoming. *See* Docket Entry No. 16. On July 30, 2013, the Court conducted a telephone conference with the parties and set a new schedule. *See* Docket Entry No. 20. Under the Amended Scheduling Order, written discovery was to be responded to by no later than August 10, 2013, and fact discovery was extended until October 11, 2013. *Id.*

The Undersigned conducted a telephone status call on October 4, 2013. Prior to the call, Plaintiff submitted a status letter indicating that it had still not received Defendants' responses to written discovery. *See* Docket Entry No. 21. The Court then issued a second amended Scheduling Order granting a small additional extension of the written discovery deadlines until October 15, 2013, and directing fact discovery was to close on November 15, 2013. *See* Docket Entry No. 22. At that time, the Court noted that if Defendants failed to comply, the Court would issue an order to show cause why the Answer should not be stricken and default entered against them. *Id.*

On October 28, 2013, Plaintiff again advised the Court that Defendants' written discovery responses were still outstanding. *See* Docket Entry No. 23. Plaintiff requested that the Court strike Defendants' Answer. *Id.* The Court issued an Order to Show Cause on November 13, 2013, as to why Defendants' Answer should not be stricken. The Order directed Defendants to submit a written position statement by November 26, 2013. Further, Defendants' counsel and

principals were to appear in person for a hearing scheduled on December 10, 2013. The hearing was later rescheduled to December 17, 2013 due to inclement weather.

On December 17, 2013, the Court conducted an in-person hearing with counsel for Plaintiff and Defendants on the record. Defendants advised the Court that it had provided Plaintiff's counsel with hundreds of pages of discovery documents just prior to the hearing, and that Defendants' interrogatory responses would be forthcoming shortly. Defense counsel also explained that one source of delay was the substantial difficulty in communication between counsel and Defendants as they are located in New Mexico and speak primarily Spanish. Counsel for Defendants professed a willingness to remain faithful to the remaining schedule and make efforts to progress on the matter, including the January 15, 2014 Final Pretrial Conference date. Plaintiff maintained its position that the Court strike the Answer and enter default, arguing that discovery served at the hearing seemed at first glance insufficient and that the rest of discovery was still outstanding.

## **ANALYSIS**

The Federal Rules of Civil Procedure authorize courts to impose sanctions for failure to respond to court orders and for failure to prosecute or defend a case. *See* Fed.R.Civ.P. 37(b)(2). Rule 37(b)(2) explicitly recognizes the court's ability to strike a pleading, in whole or in part, for failure "to obey an order to provide or permit discovery." *Id.*

However, where a sanction may "deprive a party of the right to proceed with or defend against a claim," courts must weigh the six factors enunciated by the Third Circuit in *Poulis v. State Farm Casualty Co.*, 747 F.2d 863 (3d Cir. 1984) in deciding whether to impose the sanction. *See Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1148. The *Poulis* factors are:

> (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the plaintiff's conduct; (3) the history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim.

*Id.* at 868 (emphasis omitted). No single *Poulis* factor is determinative and dismissal may be appropriate even if some of the factors are not met. *See Mindek v. Rigatti,* 964 F.2d 1369, 1373 (3d Cir. 1992); *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988).

**1. Defendants' Personal Responsibility.** In this case, it appears there is shared responsibility for the delay to comply with the Court's discovery Orders. Counsel stated there were communication difficulties with Defendants as well as technical limitations that have hindered responsive discovery production. At the same time, the Court notes that Defendants' counsel also failed to promptly respond to concerns from the Court, including a written response to the Court's November 13, 2013 Order to Show Cause. While the Court understands the limits of counsel to proceed when there is no information from the client, counsel has a responsibility to inform the Court, even if only a letter explaining the aforementioned problems.

**2. Prejudice to Plaintiff.** Defendants' delay in conducting discovery and Defendants' failure to comply with Court Orders has caused manifest injustice to Plaintiff. The deadline for responses to written discovery was originally set for April 8, 2013. On December 17, 2013, over eight months later, Defendants provided only a portion of the document production requested and it was unclear that the documents provided were truly responsive. The delay in providing discovery has prevented Plaintiff from prosecuting its claim or even considering whether settlement may be a possibility.

Moreover, written discovery was but one of the first of many deadlines in this litigation and

4

Defendants has yet to complete that stage. While the Court appreciates Defendants' professed willingness to comply with all future deadlines, the Court finds that the resulting rush to litigate this matter would prejudice both Plaintiff and the Court. Furthermore, the Court at this moment lacks the faith that Defendants, after failing to respond to written discovery in eight months, will succeed in completing fact discovery, depositions, dispositive motions, motions *in limine*, drafting the proposed final pretrial order and preparing for the Final Pretrial Conference in less than a month. Due to the substantial delay already incurred and the high likelihood for future delay, the Court finds the prejudicial factor weighs heavily in favor of striking Defendants' Answer. *See, e.g., Scarborough v. Eubanks,* 747 F.2d 871, 876 (3d Cir. 1984).

3. **History of Dilatoriness.** Defendants have a clear history of dilatoriness. The deadlines for written discovery have been extended three times, and are still not complete a month after the last deadline passed. Defendants' inaction in this regard further supports striking the Answer.

4. **Willfulness or Bad Faith.** Whether Defendants' conduct is in bad faith is less clear. However, the Court finds Defendants' conduct willful in that the Court repeatedly ordered certain discovery deadlines and these were summarily ignored. Counsel did indicate communication difficulties which explain some of the delay, but there is no evidence that Defendants were unaware of their obligations. The Court would be naïve if it did not suspect at least the potential of willful ignorance. Although the Court does not have enough information at present to fully judge the factor, the information the Court does have weighs in favor of striking the Answer.

5. **Effectiveness of Alternative Sanctions.** Under *Poulis*, courts must consider alternative remedies, such as attorneys' fees or preclusion of claims, before striking a pleading and

5

entering default. *See Ghana v. New Jersey State Parole Bd.*, 2011 WL 3608633, at *10 (D.N.J. Aug. 15, 2011). Here, however, Defendants were warned that further failure to comply with discovery orders could result in the striking of the Answer, and yet the warning did nothing to spur action. If the threat of striking the Answer failed to ensure compliance, the Court finds that alternative sanction would be just as futile.

6. **Meritoriousness of the Claims.** The Court is unable to determine the meritoriousness of Defendants' defenses or counterclaims.

In sum, the Court finds the *Poulis* factors weigh in favor of striking Defendants' Answer and entering default against Defendants. Of primary concern is the failure to abide discovery deadlines despite numerous extensions by the Court. While Defendants state a commitment to current schedule, the Court is not only skeptical but also finds reality dictates essentially restarting the case, from written discovery dates through a new Final Pretrial Conference. The continued delay not only prejudices Plaintiff but also impedes the ability of the Court to control its own docket. Therefore, the Undersigned recommends that the District Court strike Defendants' Answer and enter default.

## CONCLUSION

The Court having conducted a hearing on the record on December 17, 2013; and the Court further having given consideration of the *Poulis* factors;

**IT IS** on this **18th** day of **December, 2013,**

**RECOMMENDED** that Defendants' Answer be stricken pursuant to Fed.R.Civ.P. 37(b)(2) and default entered.

Parties are advised that they may file an objection within 14 days of the date of this Order pursuant to Fed.R.Civ.P. 72(b)(2).

  s/ James B. Clark, III  
**JAMES B. CLARK, III**  
**United States Magistrate Judge**
